Smith Unemployment Compensation Case.
Atlantic Refining Company, Appellant, *v.*
Unemployment Compensation Board
of Review.

Argued March 18, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*H. Barton Off,* with him *Harry Rosenblum* and *Roy W. Johns,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., September 16, 1959:
Thomas B. Smith, an employe of The Atlantic Refining Company for 29 years, was retired in accordance

with company policy at the age of 65. He applied for unemployment compensation benefits, and over the objection of his employer, received an award from the bureau which was affirmed by a referee and the board. The company appealed to this Court.

Smith had been employed as a regional engineer and was not a member of the union which was the bargaining agent for most of the employes of the company. The claimant knew of the employer's policy to retire both union and non-union employes at age 65. The claimant was ready, willing and able to continue his employment, and was available for work after his retirement.

It is the contention of the employer that the claimant had accepted the company's retirement policy as a condition of his employment, and, therefore, his separation from the company constituted his voluntarily leaving work without cause of necessitous and compelling nature, thus disqualifying him for benefits under section 402(b) of the Unemployment Compensation Law as last amended by the Act of March 30, 1955, P. L. 6, 43 PS §802.

This case is ruled by the *Gianfelice Unemployment Compensation Case*, 396 Pa. 545, 153 A. 2d 906 (1959). Although that case dealt with a union member of another employer, the Court made it clear that its ruling applies to all employes who are retired by an employer because of age, even though the employe specifically agreed to retirement at that age as a part of his contract of employment. The law relating to this case is fully and clearly set forth by Justice COHEN in the *Gianfelice* case and there is no need to repeat it here.

Decision affirmed.